# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA FORT MYERS DIVISION

**Nahome Theodoris**, Plaintiff,

v.      CASE NO.: 2:26-CV-402-SPC-DNF

**CREDIT COLLECTIONS SERVICES, LLC,** Defendant.

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, Nahome Theodoris ("Plaintiff"), appearing *pro se*, brings this action against Defendant CREDIT COLLECTIONS SERVICES, LLC ("Defendant" or "CCS") for violations of the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and Florida Common Law.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331 (Federal Question).

2. This Court has supplemental jurisdiction over the state law claim for Defamation under 28 U.S.C. § 1367.

3. Venue is proper in the Fort Myers Division of the Middle District of Florida as the Plaintiff resides in Lehigh Acres, Florida, and the events giving rise to these claims occurred in this District.

## II. PARTIES

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c).

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

### III. STATEMENT OF FACTS

6. On or about **November 16, 2024**, Defendant sent Plaintiff a collection letter regarding an alleged debt, stating in writing that the balance owed was **$162.08**.

7. Then on **January 14, 2025**, Defendant sent a text message to the Plaintiff alleging that I owed them the debt and threaten to report the alleged debt on my consumer report.

8. On **January 29, 2025** Defendant sent me another letter alleging I owed them the debt but this time it was 4x the original amount, showing **$660.51**.

9. On or about **February 1, 2025**, Defendant published a trade line to the consumer reporting agencies ("CRAs") claiming a different, unverified balance of **$162.00**

10. On or about **February 18, 2025**, Plaintiff sent a formal dispute to Defendant via certified mail, disputing the validity and the amount of the debt and requesting validation.

11. **Upon information and belief**, Plaintiff's dispute was also transmitted to the CRAs, and the CRAs subsequently notified Defendant of the dispute via an Automated Consumer Dispute Verification ("ACDV") or similar notice.

12. Despite possessing contradictory internal records (the $660.51 balance) and receiving a formal dispute, Defendant failed to conduct a reasonable investigation and failed to validate the debt.

13. Instead of validating the debt, Defendant eventually deleted the trade line, but only after causing the Plaintiff significant reputational harm and emotional distress.

## IV. COUNT I: VIOLATIONS OF THE FDCPA

12. Plaintiff incorporates paragraphs 1 through 11.

13. Defendant violated **15 U.S.C. § 1692e(2)(A)** by misrepresenting the character, amount, or legal status of the debt.

14. Defendant violated **15 U.S.C. § 1692e(8)** by communicating credit information which it knew or should have known was false, specifically by failing to communicate that the debt was disputed after receiving Plaintiff's February 18, 2025, letter.

15. Defendant violated **15 U.S.C. § 1692g(b)** by failing to cease collection and reporting efforts until the debt was validated.

## V. COUNT II: WILLFUL VIOLATION OF THE FCRA

16. Plaintiff incorporates paragraphs 1 through 11.

17. **Upon information and belief**, Defendant received notice of the dispute from a CRA pursuant to 15 U.S.C. § 1681s-2(b).

18. Defendant acted **willfully and recklessly** by failing to conduct a reasonable investigation despite possessing internal records that contradicted the reported balance.

19. Under the standard of *Marchisio v. Carrington Mortg. Servs.*, Defendant's failure to "connect the dots" between its internal $162.08, $660.00 figure and the reported $162.00 figure constitutes a reckless disregard for the truth.

## VI. COUNT III: DEFAMATION (LIBEL PER SE)

20. Plaintiff incorporates paragraphs 1 through 11.

21. Defendant published false and derogatory statements regarding Plaintiff's creditworthiness to third-party CRAs.

22. Defendant acted with **express malice and/or reckless disregard** for the truth by publishing a balance it knew to be inconsistent with its own billing statements.

23. Because the statements imputed a lack of creditworthiness and financial irresponsibility, they constitute **Libel Per Se** under Florida law, and damages are presumed.

## PRAYER FOR RELIEF

Plaintiff requests that this Court:

(a) Award actual damages for emotional distress and reputational harm;

(b) Award statutory damages of $1,000 under the FDCPA;

(c) Award statutory and punitive damages under the FCRA (15 U.S.C. § 1681n) for Defendant's willful and reckless conduct;

(d) Award costs and reasonable fees; and

(e) Grant any other relief the Court deems just.

**JURY DEMAND:** Plaintiff demands a trial by jury on all counts.

Respectfully submitted,

By: *Nahome Theodoris*

Nahome Theodoris

1016 Acroft Ave

Lehigh Acres FL. 33971

(239) 839-9552

nahometheodoris@yahoo.com

Date: February 11, 2026